UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE :STACEY BROWN
Debtor

CASE NO : 10-1-7970-TC
CHAPTER : 13

## OBJECTION TO CHAPTER 13 PLAN

Now comes Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corp. (hereinafter referred to as "the Secured Creditor") by its attorneys Friedman & MacFadyen, P.A. and Michael T. Cantrell, Esquire and respectfully represents unto this court:

1. That on or about April 12, 2010 the debtor filed a voluntary petition under the provisions of 11 U.S.C. Chapter 13.

2. That the debtor is justly indebted to the Secured Creditor pursuant to a Principal Residence Refinance Deed Of Trust and Note recorded among the land records of Calvert County in Liber 01824 Page 160. A copy of this Principal Residence Refinance Deed Of Trust and Note is attached hereto as exhibit "A".

3. That the secured creditor is owed pre-petition arrears of Three Hundred Thirty Six and 75/100 dollars ($336.75) as reflected in the Proof of Claim attached hereto as exhibit "B".

4. The proposed plan does not provide for payment of the pre-petition arrearages due to the Secured Creditor as set forth in the Secured Creditor's Proof of Claim.

5. The Secured Creditor relies solely upon this pleading in support of its objection to confirmation of the proposed Plan and does not intend to appear at the Confirmation Hearing unless specifically requested by the Court to do so.

WHEREFORE, your secured creditor prays:

A. That the confirmation of Chapter 13 Plan be denied.

B. For such other and further relief that this court deem necessary.

/s/ Michael T. Cantrell

Michael T. Cantrell, Esquire
210 East Redwood Street
Baltimore, MD 21202-3399
Bar No.: 08793

82121_ObjectionToConfirm_201007021607.pdf

Attorney for Secured Creditor
Phone No.: 410-685-1763
Email: mike@fmlaw.com

82121_ObjectionToConfirm_201007021607.pdf

## CERTIFICATION OF SERVICE

I hereby certify and affirm that I served copies of the foregoing Objection via the ECF System and or by first class mail, postage prepaid to Adam M. Freiman, Esquire, 1777 Reisterstown Road, Suite 360 E, Baltimore MD 21208; Nancy Grigsby, Trustee, 4201 Mitchellville Rd. Ste 401, Bowie MD 20716; Stacey Brown 673 Flagstaff Road, Lusby MD 20657 on July 06, 2010

/s/  Michael T. Cantrell

Michael T. Cantrell, Esquire

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF MARYLAND | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor  Stacey Brown | Case Number  10-1-7970-TC | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corp.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Name and address where notices should be sent:
Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corp.
3415 Vision Drive
Columbus, OH 43219

Telephone number:

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:   **** 3334   (FM# 82121)

Check here   ☐ replaces
if this claim   ☐ amends   a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Other_____
☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #:____
   Unpaid compensation for services performed
   From _____ to _____
        (date)              (date)

**2. Date debt was incurred:**  March 20, 2003

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Other_____
☐ Motor Vehicle

Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $336.75

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
   Amount entitled to priority $_____

Specify the priority of the claim: .
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**   $_____   $94,939.09   $_____   $94,939.09
                                                   (unsecured)      (secured)      (priority)     (total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional changes.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date April 30, 2010 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):   /s/ Michael T. Cantrell<br>Michael T. Cantrell, Esquire, Attorney -in-Fact |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

673 Flagstaff Road
Lusby, MD 20657

| | |
|---|---|
| Principal Balance | $94,602.34 |

The breakdown of the total pre-petition arrearages claimed is as follows:

| | |
|---|---|
| Escrow Deficit | $211.75 |
| *Attorney Fee for Preparation of Proof of Claim | $125.00 |
| | ------------- |
| | $336.75 |

\* Post filing, Pre-Confirmation attorney fee for bankruptcy representation excluding motion for relief

cc:   Stacey Brown
      Marc A. Ominsky, Esq

Please note that the monthly payment will be $949.31 effective July 1, 2010

BK 0 1 8 2 4 PG 1▓0

# EXHIBIT A

**Mid-Atlantic Settlement Services, Inc.**
21 Industrial Park Drive, #204-H
Waldorf, Maryland 20602

WHEN RECORDED MAIL TO:
WACHOVIA MORTGAGE CORPORATION
1100 Corporate Center Dr (NC4723)
Raleigh, NC 27607

*Principle Residence*

———————— [Space Above This Line For Recording Data] ————————

State of Maryland

## DEED OF TRUST

FHA Case No. ▓

MIN ▓



THIS DEED OF TRUST ("Security Instrument") is made on March 20, 2003
The Grantor is STACEY L BROWN

```
IMP FD SURE $       5.00
RECORDING FEE      20.00
RECORDATION T      15.00
TOTAL              40.00
Resd CV02    Rcpt $ 8336
KP5   DCS    Blk  $ 3861
APR 17, 2003       10:02 am
```

("Borrower"). The trustee is trste, inc

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

WACHOVIA MORTGAGE CORPORATION
("Lender") is organized and existing under the laws of NORTH CAROLINA , and
has an address of 1100 Corporate Center Dr., Raleigh, NC 27607-5066
. Borrower owes Lender the principal sum of
One Hundred Eleven Thousand, Three Hundred Forty-One and No/100
Dollars (U.S. $ 111,341.00 ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on April 1, 2028 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all

FHA Maryland Deed of Trust with MERS- 4/96
VMP-4N(MD) (9802).02         Amended 2/98
Page 1 of 8                  Initials: SLB
VMP MORTGAGE FORMS - (800)521-7291

SCHEDULE "A"

BK 1824 PG 161

EXHIBIT A

LOT NUMBERED THIRTY-TWO (32), IN THE SUBDIVISION KNOWN AS "SECTION 7M, CHESAPEAKE RANCH ESTATES", AS PER PLAT THEREOF RECORDED AMONG THE LAND RECORDS OF CALVERT COUNTY, MARYLAND IN PLAT BOOK JLB 1, AT PLAT 85; BEING IN THE 1ST ELECTION DISTRICT OF SAID COUNTY.

CASE # ███████

other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in CALVERT County, Maryland:

SEE SCHEDULE A ATTACHED HERETO AND MADE A PART HEREOF

which has the address of  673 FLAGSTAFF ROAD                                    [Street]
LUSBY                                 [City], Maryland  20657      [Zip Code]   ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

Initials: SLB

-4N(MD) (9802).02                    Page 2 of 8

BK 01824 PG 167  EXHIBIT A

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender or Trustee shall release this Security Instrument without charge to Borrower and mark the Note "paid" and return the Note to Borrower. Borrower shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the city or county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. **Possession of the Property.** Borrower shall have possession of the Property until Lender has given Borrower notice of default pursuant to paragraph 18 of this Security Instrument.

22. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider ☐ Growing Equity Rider ☐ Other [specify]
☐ Planned Unit Development Rider ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_Stacey L. Brown_ (Seal)
STACEY L. BROWN -Borrower

_____ (Seal)
-Borrower

_____ (Seal) _____ (Seal)
-Borrower -Borrower

_____ (Seal) _____ (Seal)
-Borrower -Borrower

_____ (Seal) _____ (Seal)
-Borrower -Borrower

BK 0 1 8 2 4 PG 1 6

**EXHIBIT A**

STATE OF MARYLAND, *Calvert* County ss:
I Hereby Certify, That on this 20 day of *March 2003*, before me, the subscriber, a Notary Public of the State of Maryland, in and for the *County of St. Mary's* personally appeared *Stacey L. Brown*

known to me or satisfactorily proven to be the person(s) whose name(s) *IS* subscribed to the within instrument and acknowledge that *SN* executed the same for the purposes therein contained.
AS WITNESS: my hand and notarial seal.

My Commission Expires:

Lisa K. Grigsby
Notary Public, State of Maryland
St. Mary's County, MD
My Commission Expires 11/1/2006

STATE OF *Maryland*, *County of St. Mary's* County ss:
I Hereby Certify, That on this 20 day of *March 2003*, before me, the subscriber, a Notary Public of the State of *Maryland*, in and for the *County of St. Mary's*, personally appeared *Jill Beard* the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party or parties secured by the Deed of Trust to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time not later than the execution and delivery by the Borrower of this Deed of Trust; and also made oath that he is the agent of the party or parties secured and is duly authorized to make this affidavit.
AS WITNESS: my hand and notarial seal.

My Commission Expires:

Lisa K. Grigsby
Notary Public, State of Maryland
St. Mary's County, MD
My Commission Expires 11/1/2006

This is to certify that the within instrument was prepared *[admitted to practice by the Court of Appeals of Maryland.]*

Michael Perry, ESQ.

Initials: SLB

VMP-4N(MD) (9802).02    Page 8 of 8

EXHIBIT A

BROWN

# NOTE

Multistate

FHA Case No.

March 20, 2003
[Date]

673 FLAGSTAFF ROAD, LUSBY, MD  20657

[Property Address]

1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means WACHOVIA MORTGAGE CORPORATION

and its successors and assigns.

2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
One Hundred Eleven Thousand, Three Hundred Forty-One and No/100

Dollars (U.S. $    111,341.00    ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of  Six
percent (   6.0000       %) per year until the full amount of principal has been paid.

3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT
   (A) Time
   Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on May 1         , 2003    . Any principal and interest remaining on the first day of April 1
   2028    , will be due on that date, which is called the "Maturity Date."
   (B) Place
   Payment shall be made at  1100 Corporate Center Dr., Raleigh, NC 27607-5066
   or at such place as Lender may designate in writing by notice to Borrower.
   (C) Amount
   Each monthly payment of principal and interest will be in the amount of U.S. $    717.38       . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
   (D) Allonge to this Note for payment adjustments
   If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   ☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95
VMP -1R (0210)
VMP MORTGAGE FORMS · (800)521-7291
Page 1 of 2      Initials: _SB_





## 6. BORROWER'S FAILURE TO PAY

(A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent ( 4 %) of the overdue amount of each payment.

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_Stacey Brown_ (Seal)
STACEY L. BROWN  -Borrower

_____ (Seal)
 -Borrower

_____ (Seal)
 -Borrower

_____ (Seal)
 -Borrower

_____ (Seal)
 -Borrower

_____ (Seal)
 -Borrower

_____ (Seal)
 -Borrower

_____ (Seal)
 -Borrower



# CHASE

**Annual Escrow Account Disclosure Statement**
**Customer Care**
Customer Care Phone:
Hearing Impaired (TDD):



| Loan Summary | | |
|---|---|---|
| Loan Number: | | Statement Date |
| Principal Balance: | $94,602.34 | April 20, 2010 |
| Escrow Balance: | $524.33 | **Property Address:** |
| Next Payment Due: | 05/01/10 | 673 Flagstaff Rd |
| | | Lusby, MD |

| Prior Payment Breakdown | |
|---|---|
| Principal and Interest | $717.38 |
| Escrow | $253.07 |
| **Total Payment** | **$970.45** |
| **New Payment Breakdown Effective 07/01/10** | |
| Principal and Interest | $717.38 |
| Escrow | $237.63 |
| Surplus Spread | $5.70- |
| **Total Payment** | **$949.31** |

STACEY L BROWN
673 FLAGSTAFF RD
LUSBY MD 20657-6111



## YOUR ESCROW ACCOUNT HISTORY

Keep this statement for your records. This history compares the escrow activity that was projected for the past period with your actual escrow activity. Because taxes and insurance premiums were projections, the actual amounts paid may be different.

**Comparing Projections to the Actual Payments**

| | | Prior Year Projection | | | Actual Activity | | |
|---|---|---|---|---|---|---|---|
| Description | Month | Payments to escrow account | Payments from escrow account | Escrow Balance | Payments to escrow account | Payments from escrow account | Escrow Balance |
| Beginning Balance | | $0.00 | $0.00 | $780.02 | $0.00 | $0.00 | $557.15 |
| Payment | 03/10 | $234.50 | $0.00 | $1,014.52 | $253.07* | $0.00 | $810.22 |
| Fha Risk Bas | 03/10 | $0.00 | $39.48 | $975.04 | $0.00* | $0.00* | $810.22 |
| Fha Risk Bas | 03/10 | $0.00 | $0.00 | $975.04 | $0.00 | $39.48* | $770.74 |
| Homeowner In | 03/10 | $0.00 | $0.00 | $975.04 | $0.00 | $460.00* | $310.74 |
| Payment | 04/10 | $234.50 | $0.00 | $1,209.54 | $253.07* | $0.00 | $563.81 |
| Fha Risk Bas | 04/10 | $0.00 | $39.48 | $1,170.06 | $0.00* | $39.48 | $524.33 |
| Homeowner In | 04/10 | $0.00 | $408.00 | $762.06 | $0.00 | $0.00* | $524.33 |
| Payment | 05/10 | $234.50 | $0.00 | $996.56 | $253.07* | $0.00 | $777.40 |
| Fha Risk Bas | 05/10 | $0.00 | $39.48 | $957.08 | $0.00* | $39.48 | $737.92 |
| Payment | 06/10 | $234.50 | $0.00 | $1,191.58 | $253.07* | $0.00 | $990.99 |
| Fha Risk Bas | 06/10 | $0.00 | $39.48 | $1,152.10 | $0.00* | $39.48 | $951.51 |
| Payment | 07/10 | $234.50 | $0.00 | $1,386.60 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 07/10 | $0.00 | $39.48 | $1,347.12 | $0.00* | $0.00* | $951.51 |
| Payment | 08/10 | $234.50 | $0.00 | $1,581.62 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 08/10 | $0.00 | $39.48 | $1,542.14 | $0.00* | $0.00* | $951.51 |
| Payment | 09/10 | $234.50 | $0.00 | $1,776.64 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 09/10 | $0.00 | $39.48 | $1,737.16 | $0.00* | $0.00* | $951.51 |
| County Tax | 09/10 | $0.00 | $963.44 | $773.72 | $0.00 | $0.00* | $951.51 |
| Payment | 10/10 | $234.50 | $0.00 | $1,008.22 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 10/10 | $0.00 | $39.48 | $968.74 | $0.00* | $0.00* | $951.51 |
| Payment | 11/10 | $234.50 | $0.00 | $1,203.24 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 11/10 | $0.00 | $39.48 | $1,163.76 | $0.00* | $0.00* | $951.51 |
| Payment | 12/10 | $234.50 | $0.00 | $1,398.26 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 12/10 | $0.00 | $39.48 | $1,358.78 | $0.00* | $0.00* | $951.51 |
| County Tax | 12/10 | $0.00 | $968.74 | $390.04 | $0.00 | $0.00* | $951.51 |
| Payment | 01/11 | $234.50 | $0.00 | $624.54 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 01/11 | $0.00 | $39.48 | $585.06 | $0.00* | $0.00* | $951.51 |
| Payment | 02/11 | $234.50 | $0.00 | $819.56 | $0.00* | $0.00 | $951.51 |
| Fha Risk Bas | 02/11 | $0.00 | $39.48 | $780.08 | $0.00* | $0.00* | $951.51 |
| **Total** | | **$2,814.00** | **$2,813.94** | | **$1,012.28** | **$617.92** | |

\* Either the date or the amount differs from the previous projection.

Your previous Escrow Account Disclosure Statement projected payments to your escrow account would be $234.50 monthly, totaling $2,814.00. Under federal law, your lowest monthly balance should not go below $390.04.

Escrow Surplus Information

At this time, your Escrow Analysis account had a surplus in the amount of $28.48.

Your Escrow surplus of $28.48 will be spread to reduce your monthly payments by $5.70- starting with your July 1, 2010 payment. If your account is past due, the escrow surplus of $28.48 will be retained in your escrow account.

Instead of making multiple payments for insurance and taxes during the year, escrow enables you to put money aside monthly and let Chase handle the payments.

| Description | Due Date | New Year Projections | Monthly Required Escrow | Description | Due Date | New Year Projections | Monthly Required Escrow |
|---|---|---|---|---|---|---|---|
| Mortgage Ins | 07/10 | $459.36 | $38.28 | Hazard Ins | 04/11 | $460.00 | $38.33 |
| County Tax | 09/10 | $1,932.18 | $161.01 | | | | |
| | | | | **Totals** | | $2,851.54 | $237.63 |

### REQUIRED RESERVE

Section 10 of the Real Estate Settlement Procedures Act (RESPA) authorizes lenders to collect and maintain up to one-sixth of your total disbursements in your escrow account at all times. The required reserve is used to cover increased tax and insurance disbursements. We do not cushion for mortgage insurance or optional products.

| | |
|---|---|
| Total Monthly Required Escrow | $237.63 |
| Total Required Reserve | $398.70 |

### PROJECTIONS FOR COMING YEAR

This is an estimate of activity projected for your escrow account during the coming year. The **Target Balance** is the beginning balance necessary to bring your escrow account at its lowest point during the next 12 months to zero plus the allowed required reserve.

\*\*Indicates the Lowest Projected Balance in your account during the next 12 months. Some escrow accounts may be billed for periods longer than one year. The account balance may not reach its Lowest Projected Balance this year because one of the escrow items may be on a three-year cycle.

| Description | Month | Projected Payments to escrow | Projected Payments from escrow | Month-end escrow balance | Description | Month | Projected Payments to escrow | Projected Payments from escrow | Month-end escrow balance |
|---|---|---|---|---|---|---|---|---|---|
| Target Balance | | $0.00 | $0.00 | $1,134.78 | County Tax | 12/10 | $0.00 | $968.74 | $398.70\*\* |
| Payment | 07/10 | $237.63 | $0.00 | $1,372.41 | Payment | 01/11 | $237.63 | $0.00 | $636.33 |
| Fha Risk Bas | 07/10 | $0.00 | $38.28 | $1,334.13 | Fha Risk Bas | 01/11 | $0.00 | $38.28 | $598.05 |
| Payment | 08/10 | $237.63 | $0.00 | $1,571.76 | Payment | 02/11 | $237.63 | $0.00 | $835.68 |
| Fha Risk Bas | 08/10 | $0.00 | $38.28 | $1,533.48 | Fha Risk Bas | 02/11 | $0.00 | $38.28 | $797.40 |
| Payment | 09/10 | $237.63 | $0.00 | $1,771.11 | Payment | 03/11 | $237.63 | $0.00 | $1,035.03 |
| Fha Risk Bas | 09/10 | $0.00 | $38.28 | $1,732.83 | Fha Risk Bas | 03/11 | $0.00 | $38.28 | $996.75 |
| County Tax | 09/10 | $0.00 | $963.44 | $769.39 | Payment | 04/11 | $237.63 | $0.00 | $1,234.38 |
| Payment | 10/10 | $237.63 | $0.00 | $1,007.02 | Fha Risk Bas | 04/11 | $0.00 | $38.28 | $1,196.10 |
| Fha Risk Bas | 10/10 | $0.00 | $38.28 | $968.74 | Homeowner In | 04/11 | $0.00 | $460.00 | $736.10 |
| Payment | 11/10 | $237.63 | $0.00 | $1,206.37 | Payment | 05/11 | $237.63 | $0.00 | $973.73 |
| Fha Risk Bas | 11/10 | $0.00 | $38.28 | $1,168.09 | Fha Risk Bas | 05/11 | $0.00 | $38.28 | $935.45 |
| Payment | 12/10 | $237.63 | $0.00 | $1,405.72 | Payment | 06/11 | $237.63 | $0.00 | $1,173.08 |
| Fha Risk Bas | 12/10 | $0.00 | $38.28 | $1,367.44 | Fha Risk Bas | 06/11 | $0.00 | $38.28 | $1,134.80 |
| | | | | | **Total** | | $2,851.56 | $2,851.54 | |

### COMPUTATION OF YOUR ESCROW ACCOUNT

**Escrow Surplus:** Your Anticipated Escrow Balance is $951.51. Your Target Balance according to this analysis is $1,134.78. The Anticipated Escrow Balance is greater than the Target Balance. For that reason your account has a surplus in the amount of $28.48.

| | | |
|---|---|---|
| Anticipated Escrow Balance | $951.51 | **Anticipated Escrow Balance** is calculated by taking your actual escrow balance of $524.33 as of April 20, 2010. The balance is then calculated by adding all payments and subtracting all disbursements scheduled for your escrow account until the effective date of the new payment, July 1, 2010. |
| Minus the Target Balance | $1,134.78 | |
| Escrow Surplus | $28.48 | |

**This statement is not a request for payment. It is for informational purposes only.**
Your new monthly mortgage payment for the coming year will be $949.31 of which $717.38 will be for principal and interest and $231.93 will go into your escrow account. The terms of your loan may result in changes to the monthly principal and interest payments during the year.